# EXHIBIT 5

Case 3:02-cv-02006-WWE    Document 26-7    Filed 04/29/2004    Page 1 of 5

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTERFOLDS, INC. <br> AND MARIO PIROZZOLI, JR. | NO.: 3:02CV2006 (WWE) |
| v. | |
| TOWN OF BERLIN, BONNIE L. THERRIEN, IDA RAGAZZI, JOANNE WARD, JOSEPH ARESIMOWICZ AND LINDA CIMADON | |

### AFFIDAVIT OF IDA RAGAZZI

I, Ida Ragazzi, being duly sworn, depose and say that:

1. I am over 18 years of age and believe in the obligations of an oath.

2. I am currently the Deputy Mayor for the Town of Berlin, and also a member of the Town Council. I have served on the Council since its inception in 1995. From 1995 to 1997, I was the Mayor of Berlin.

3. Prior to June 2000, Berlin did not have an ordinance which regulated sexually oriented businesses. The Town Council became concerned that if left unregulated, increases in the adverse secondary effects of such businesses such as increased crime, prostitution, the spread of communicable diseases, and lowering of property values would result. The Council was familiar with problems which Hartford had experienced as a result of the operation of these businesses. As a result, an ordinance committee was forwarded the issue by the Town Council to study the issue and draft an ordinance concerning sexually oriented businesses. I served on the ordinance committee and was a member of the Town Council when the sexually oriented business ordinance was passed.

4. The ordinance committee and the town council were mindful that certain forms of adult entertainment were entitled to protection under the First Amendment. As a result, the committee took approximately 9 months to research and draft an ordinance which the committee thought both protected those forms of expression, while also furthering the Town's substantial goal of reducing the adverse secondary effects associated with sexually oriented businesses. For the same reasons, the committee also sought the advice and counsel of the Town Attorney and Attorney Daniel Silver, who often represents sexually oriented businesses. The ordinance committee carefully reviewed the experiences of other towns in Connecticut and other parts of the country with an eye toward crafting an ordinance that would serve the needs of the community of Berlin. The ordinance which was drafted and ultimately approved was similar in many respects to the ordinance in Newington, a closely neighboring community to Berlin and Hartford.

5. The Ordinance Committee, with the assistance of the town attorney, drafted the Sexually Oriented Business Summary, which outlined the research and intent of the Committee and was submitted to the Town Council with the ordinance which was adopted.

6. In August 2002, I was also a member of the Town Council who considered whether the plaintiff's permit should be revoked, as recommended by the Town Manager.

7. A hearing on the issue of whether the permit should be revoked was held before the Town Council.

8. I listened to the evidence presented by the Town Manager and the attorney for the plaintiff, Daniel Silver, Esq. I also reviewed the documents submitted by the Town Manger as evidence, including the Liquor Commission's investigation report. I also reviewed the Town's ordinance concerning when a

2

license may be revoked and the written brief submitted by Attorney Silver. Based upon all the facts and evidence, I believed that the management or other person in charge at Centerfolds was aware that sexual activities, as defined in Berlin's ordinance, were occurring on the premises. For this reason, I voted to sustain the Town Manager's revocation of plaintiff's permit.

9. During a break of the Town Council meeting at which we voted on the revocation issue, I met with other members of my political party who sat on the Council, defendants Linda Cimadon, Joanne Ward and Joseph Aresimowicz. The purpose of this meeting was to discuss the Deputy Mayor's announcement that he was leaving and was attempting to name his successor without a vote of the full council, as required. At no time did we discuss the merits of whether Centerfolds' permit should be revoked, outside of the context of the Town Council meeting.

10. My decision in this case was based upon the evidence put forth before me, and not for any improper purpose. I did not act with any malicious motive.

11. All the above statements are true and based upon my personal experience and knowledge of the facts in this case.

Dated at Berlin, Connecticut, this 3rd day of February 2004.

*Ida M. Ragazzi*
Ida Ragazzi

STATE OF CONNECTICUT )
                     ) ss: Berlin
COUNTY OF HARTFORD   )

Subscribed and sworn to before me this 3rd day of February, 2004.

Commissioner of the Superior Court
Notary Public

My commission expires: _____

KATHRYN J. WALL
NOTARY PUBLIC
MY COMMISSION EXPIRES FEB. 28, 2008

4