EXHIBIT 10

LAW OFFICE OF
# Daniel A. Silver
ONE LIBERTY SQUARE
POST OFFICE BOX 698
NEW BRITAIN, CONNECTICUT 06050-0698
attysilver@aol.com

DANIEL A. SILVER

BRIAN M. SILVER*
*Also admitted in PA

TEL. (860) 225-3518

FAX (860) 348-0612

September 4, 2002

Bonnie L. Therrien
Berlin Town Manager
240 Kensington Road
Berlin, CT 06037

**Re: Centerfolds**

Dear Ms. Therrien:

Enclosed please find my Closing Argument and Memorandum of Law in regard to the above matter.

Please call if you have any questions.

Very truly yours,

Daniel A. Silver

DAS:as
enc.
transmitted by facsimile machine
and U.S. Mail

LAW OFFICE OF DANIEL A. SILVER • ONE LIBERTY SQUARE • P.O. BOX 698 • NEW BRITAIN, CT 06050-0698 • (860) 225-3518 • FAX (860) 348-0612 • JURIS NO. 417231

| | |
|---|---|
| TOWN OF BERLIN | LICENSE REVOCATION PROCEEDINGS |
| vs. | |
| CENTERFOLDS, INC. | SEPTEMBER 3, 2002 |

### CLOSING ARGUMENT AND MEMORANDUM OF LAW

My name is Daniel A. Silver, and I am an attorney representing the license holder, Centerfolds, Inc., who is the owner of "Centerfolds", a Gentlemen's Nightclub, located at 1861 Berlin Turnpike in the Town of Berlin. As an attorney, my practice concentrates, by choice, in the area of First Amendment law. For over thirty (30) years I have litigated matters dealing with Free Speech issues. As a proponent of controversial issues, it should be expected that many citizens have a tendency to frown upon both myself and the clients whom I represent. The proceeding before you this evening is of great importance, not only to the Town of Berlin, but to my client. Centerfolds has listed numerous employees in its renewal application filed with the Town. This list does not include the entertainers who work as independent contractors. All of these people have families and loved ones who rely upon income derived from their employment to support themselves and their families. The purpose of this discussion is not to attempt to influence your vote on the substantive issues before us, but to emphasize the

LAW OFFICE OF DANIEL A. SILVER • ONE LIBERTY SQUARE • P.O. BOX 698 • NEW BRITAIN, CT 06050-0698 • (860) 225-3518 • FAX (860) 348-0612 • JURIS No.417231

importance of the matter before you this evening. This is one of the few times that this body will act in a quasi-judicial proceeding in which you are called upon to judge the facts and to interpret the applicable law.

My client is the holder of a license issued by the Town of Berlin, on October 25, 2001, to operate a "sexually explicit business". The entertainment in my client's establishment consists of exotic dancers performing sexually explicit dance routines in a partially nude state. This form of dance is protected by the First and Fourteenth Amendments to the United States Constitution. A majority of the United States Supreme Court has declared, as recently as February, 2001, that nude dancing is protected speech. As a result, the expressive content involved in this form of entertainment is entitled to full constitutional protection.

These facts are presented to you for the purpose of reminding each and every one of you that you have an obligation to keep an open mind as you go forward with these proceedings. You are not permitted, as a matter of law, to make a decision based upon your dislike of my client, its business, or the content of speech expressed at my client's business establishment.

The license holder will put forth the argument that there are legitimate legal defenses to the allegations set forth that would allow the Town Manager to suspend,

2

rather than revoke, the Respondent's license. All that I ask of you is to put aside your potential bias and dislike for the content of expression conveyed at my client's business and reach a fair decision based upon the record and the law which will be set forth herein. This proceeding is not political in nature and public opinion should have no bearing on any decision which you reach this evening. The legal issues may be complex, but you have been designated as the decision making authority.

During the testimony of Bonnie Therrien, the Town Manager for the Town of Berlin, she clearly articulated that she reached a decision that Respondent violated § 12(b)(8) of the Ordinance in question, after reviewing the report of the Department of Liquor Control. Ms. Therrien went on to testify that, under the provisions of § 12(b) which states: "The Town Manager shall revoke any license if any of the following occur", that since the report indicated a potential violation of § 12(b)(8) she was required to revoke the license and could not consider a suspension. The issue, therefore, raised by the Respondent herein is whether or not the word "shall" in § 12(b) is mandatory or directory. The Respondent refers the Town Council to the following cases decided by the Connecticut Courts dealing with the subject of whether or not the term "shall" is mandatory or directory. Boris v. Garbo Lobster Company, Inc., 58 Conn. App. 29 (2000); Lauer v. Zoning Commission of the Town of Reading, 246 Conn. 51 (1998);

3

Stewart v. Tunxis Service Center, 237 Conn. 71 (1996) and Angelsea Productions v. Commission on Human Rights and Opportunities, 236 Conn. 681 (1996). All of these cases indicate that "shall" is deemed mandatory only if the mode of action is the essence of the purpose to be accomplished by the statute, but is directory if failure to comply with the requirement does not compromise the purpose of the statute.

The Connecticut Courts have further held that the provision in determining whether the term "shall" is directory or mandatory shall be determined to be directory where "the language purports to establish procedure". Boris at 1157.

The Respondent respectfully represents that it is clear that the term "shall", when read together with the entire Ordinance, is directory rather than mandatory. This is clear inasmuch as § 12(a) allows for a suspension that may not exceed thirty (30) days where a license holder clearly violated any part of the Ordinance. This Section is not only limited to certain violations. In addition, it would be a stretch to say that it was the intent of the Town Council in adopting this Ordinance that a license can only be denied, or a renewal denied, if an applicant has two (2) or more violations within the course of a year, but that a license could be revoked immediately upon evidence of a single violation.

4

In addition to the above, there was complete lack of evidence in the record that the management had knowledge of the actions that were taken by the entertainer as reported in the reports and testimony of the witness. The only evidence that was put forth at the hearing in order to attempt to prove that the management had knowledge of the actions that were taken by the entertainer, came from the testimony of the agent for the Department of Liquor Control. The witness indicated that some individual had addressed one of his colleagues and asked that a hat be removed, inasmuch as the Club did not allow hats to be worn. The fact that an individual asked that a patron remove his hat certainly does not indicate any type of managerial capacity that would comply with Section 12(b)(8) which states that "a licensee, operator or employee has knowingly allowed any live performance or conduct featuring any specified sexual activities to occur on the licensed premises". The Plaintiff contends that, under applicable First Amendment law, there must, at least, be evidence of knowledge and intent on the part of management as an element of what is known as mens rea. The Plaintiff contends that it is insufficient, as a matter of law, that a mere employee could bind an owner in the revocation of a First Amendment protected businesss. To the contrary, the burden is on the Town to prove that the licensee or owner of the establishment, had knowledge of this activity. As a result of this lack of proof as to

5

knowledge on the part of the licensee or owner of the business, the Town Manager has not carried her burden of proof and, as a result, the decision should come forth denying the revocation of the license in question.

Centerfolds, Inc.

By_____
Daniel A. Silver, Esq.
Law Office of Daniel A. Silver
One Liberty Square
New Britain, CT 06050-0698
(860) 225-3518