UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTERFOLDS, INC. and<br>MARIO PIROZZOLI, JR.,<br>    Plaintiffs | :<br><br>: |
| VS. | : CIVIL NO. 3:CV02006 (WWE) |
| TOWN OF BERLIN,<br>BONNIE L. THERRIEN,<br>IDA RAGAZZI,<br>JOANNE G. WARD,<br>JOSEPH ARESIMOWICZ, and<br>LINDA CIMADON,<br>    Defendants | :<br><br>:<br><br>:<br>APRIL 22, 2004<br>: |

**PLAINTIFFS' RULE 56(a)(2) STATEMENT OF
MATERIAL FACTS IN DISPUTE**

A.   **Plaintiff's Response to Defendant's Rule 56(a)(1) Statement**

1.   Agreed.

2.   Agreed.

3.   Agreed.

4.   Agreed.

5.   The issue of whether there are similar restrictions in both the Town of Berlin's ordinance and the State of Connecticut's Department of Consumer Protection, Liquor Control Division was not fully explained by the Defendant and thus the Plaintiff is unable to agree or disagree.

6. Disagree in part. Defendant's Exhibit D does not support contention of the Town Manager regarding her knowledge of the newspaper articles.

7. Agreed.

8. Agreed in part. Some of the activities in Defendant Exhibit E are not prohibited by the Town of Berlin's Ordinance. Defendant must be more specific in its statements.

9. Disagree in part. There is no definition in the ordinance regarding 'sexual activities' as stated by the Defendants.

10. Agreed.

11. Agreed.

12. Disagree in part. The ordinance, under §12(a) allows the Town Manager to suspend, at his/her discretion, the license of a sexually explicit business for a period not to exceed 30 days. The business may not continue operations while the suspension is in effect. §13 of the ordinance allows a public hearing before the Town Council, the town's elected officials, and allows the business to remain in operations during the pendency of the appeal for the suspension. The statute is contradictory in its terms. §12 does allow a brief period, prior to revocation of a license, in which the business may remain in operation while its appeal is pending. §11 of the ordinance does not provide for a pre-hearing denial regarding the non-renewal of a license and a business operator may not remain

       in business without a license.  This section requires only that the Town Manager send notice to the licensee, thus a licensee may receive notice of non-renewal until just prior to expiration, and may not have a public hearing on its denial for almost twenty-five (25) days under §13.  **Plaintiff's Exhibit 2**.

13. Agreed.

14. Disagree.  Counsel for Centerfolds made a valid legal argument.  **Plaintiff's Exhibit 10**

15. Agreed.

16. Agreed.

17. Agreed.

18. Agreed.

19. Agreed.

20. Agreed.

21. Agreed only in part as to the fact that these statements were made in the deposition testimony of Ida Ragazzi.

22. Agreed only that these statements were made by Joseph Aresimowicz, Ida Ragazzi, Linda Cimadon, and Joanne Ward.

23. Agreed.

24. Agreed.

25. Agreed.

26. Agreed.

27. Agreed in part. The summary is six (6) pages long and includes a section entitled "First Amendment Jurisprudence-Overview". **Plaintiff's Exhibit 4**.

28. Disagree in part. The plaintiffs cannot look into the minds and hearts of the ordinance committee.

29. Disagree. The ordinance passed by the Berlin Town Council shows that the intent of the Council was to protect the morality of the community under §1(a) of the ordinance. **Plaintiff's Exhibit 2**.

**B.** **Rule 56(a)(2) Statement of Material Facts in Dispute**

1. The Town of Berlin did not independent research on the alleged charges against Centerfold's and Mario Pirozzoli. The relied solely on the reports of others. **Exhibit 1.**

2. The Town Manager is responsible for investigating, granting, denying, renewing, suspending and revoking all sexually explicit business applications and license applications. **Exhibit 2.**

3. Pursuant to the Town of Berlin's *An Ordinance Concerning Sexually Oriented Businesses*, a license may not be renewed if the town manager determines that there are "two or more material violations of the Ordinance to which licensee has received notice. **Exhibit 2.**

4. Nowhere in the statute is "material violation" defined, yet a licensee can find himself without a renewal of his license. **Exhibit 2.**

5. The licensee can appeal this decision [renewal], which may take up to twenty (20) days to be heard by the Town Council, but if his previous license expires prior to his renewal being granted during a public hearing in front of the Town Council, the licensee is unable to operate his business. **Exhibit 2.**

6. A similar situation occurs with a suspension of a license. §12(a) of the ordinance allows the Town Manager of Berlin the discretion to suspend a license up to 30 days *if there is a material violation*. The ordinance states that no business may operate while under suspension, but the licensee may appeal. **Exhibit 2.**

7. The ordinance is vague in that is prohibits innocent contact between performers and patrons and potentially can cause a revocation or nonrenewal of the plaintiffs' license. §5(d) states that "No entertainer, either before, during or after a performance, shall have physical contact with any patron of a sexually oriented business while on the licensed premises." **Exhibit 2.**

8. The ordinance is [also] vague in that it does not clearly state if nude dancing is permitted during the performance of an entertainer. §5(b) prohibits a performer from exposing any specified anatomical areas[1] either before or after a

---

[1] Specified Anatomical Areas means: (1) less than completely and opaquely covered human genitals, pubic region, buttocks, anus or

performance. The defendants, however, claim that any exposure during a performance violates the ordinance and specifically mention this violation in their brief in support of their motion for summary judgment and during the public hearing held on August 27, 2002. **Exhibit 1,2.**

9. §14(a) of the Town of Berlin's ordinance states that fines and criminal charges may be levied on a violator of the ordinance. **Exhibit 2**.

10. Defendants Ida Ragazzi and Linda Cimadon were members of the ordinance committee concerning sexually oriented businesses, were members of the Berlin Town Council that voted unanimously to pass the ordinance, and voted to revoke the license of Centerfold. **Exhibit 4,5, 6, 7.**

11. Defendant Joseph Aresimowicz was member of the Berlin Town Council that unanimously passed the ordinance concerning sexually oriented businesses and voted to revoke the license of Centerfold. **Exhibit 7, 8**.

12. Defendant Joan Ward was a member of the Berlin Town Council and voted to revoke the license of Centerfold. **Exhibit 9**

13. Defendant "Town Manager" Bonnie Therrien was actively involved with the design and implementation of the ordinance. **Exhibit 4, 7**

---

female breasts below a point immediately above the top of the areola, or (2) human male genitals in a discernibly turgid state, even if completely opaquely covered.

          THE PLAINTIFFS

BY_____
       NORMAN A. PATTIS
       Federal Bar No. ct13120
       Williams and Pattis, LLC
       51 Elm Street, Suite 409
       New Haven, CT 06510
       Telephone (203) 562-9931
       Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid, on April 29, 2004, to the following counsel of record:

Thomas R. Gerard, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
Norman A. Pattis