# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTERFOLDS, INC. and<br>MARIO PIROZZOLI, JR.,<br>    Plaintiffs | :<br>:<br>: |
| VS. | : CIVIL NO. 3:CV02006 (WWE) |
| TOWN OF BERLIN,<br>BONNIE L. THERRIEN,<br>IDA RAGAZZI,<br>JOANNE G. WARD,<br>JOSEPH ARESIMOWICZ, and<br>LINDA CIMADON,<br>    Defendants | :<br>:<br>:<br>:<br>: NOVEMBER 2, 2004<br>: |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN COMPLIANCE WITH THE COURT'S SEPTEMBER 29, 2004 ORDER

On September 29, 2004, this Court allowed the parties the opportunity to submit a brief regarding the applicability of the Ninth Circuit's decision in Dream Palace v. County of Maricopa, 384 F.3d 990 (9th Cir. 2004). Plaintiff asserts that this decision is directly on point to its claims and that the 9th Circuit correctly interpreted a long line of United States Supreme Court decisions regarding the appropriate standard of review when a municipality violates the First Amendment.

The United States Supreme Court has held that a municipality may regulate the "secondary effects" of sexually-oriented businesses if the regulation survives intermediate scrutiny analysis, otherwise known as the *O'Brien* test. Only those regulations or ordinances that effect "zoning" have survived the *O'Brien* test. [See Renton v. Playtime

Theatres, 475 U.S. 41 (1986) allowing regulation of city requiring adult entertainment businesses to be located more than 1,000 feet from residential areas; Young v. American Mini-Theatres, 427 U.S. 50 (1976) upholding a regulation prohibiting adult businesses from being located in proximity to each other; City of Los Angeles v. Alameda Books, Inc., 535 U.S. 425 (2002) upholding a regulation that prohibited more than one adult entertainment business in the same building.)

When a municipality is regulating speech based on content, even when it alleges that its primary purpose is to regulate 'secondary effects' of sexually-oriented businesses but is not an actual zoning regulation, the court must apply strict scrutiny.

The town of Berlin has enacted an ordinance that regulates the content of protected speech. It does not pretend to be a zoning regulation. Instead, Berlin relies on its assertion that the ordinance was enacted to ameliorate the 'secondary effects' of sexually-oriented businesses. Hiding a wolf in sheep clothing does not change the fact that the animal is a wolf. Berlin's assertion is not sufficient to support its claim that intermediate scrutiny analysis applies in review of its ordinance. The 9th Circuit correctly applied strict scrutiny analysis in Dream Palace.

The 9th Circuit, in Dream Palace, determined that an Arizona ordinance, similar to Berlin's ordinance but less intrusive and less expansive in scope, was in violation of the First Amendment. The plaintiffs, in their April 29, 2004 Brief in Opposition to Defendants' Motion for Summary Judgment, argued many of the exact same issues as found in Dream Palace. The plaintiff maintain that the 9th Circuit correctly decided these issues based on

its thorough analysis of precedent.

      Berlin's ordinance regulating sexually oriented businesses is a violation of the plaintiff's First Amendment rights as the 9th Circuit correctly and eloquently determined in <u>Dream Palace</u>.

                                            THE PLAINTIFFS


                                      BY_____
                                              NORMAN A. PATTIS
                                              Federal Bar No. ct13120
                                              Williams and Pattis, LLC
                                              51 Elm Street, Suite 409
                                              New Haven, CT 06510
                                              Telephone (203) 562-9931
                                              Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid, on November 2, 2004, to the following counsel of record:

Thomas R. Gerard, Esq.
Melinda A. Powell, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
Norman A. Pattis